**RONG LIN, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, United States Department of Justice, Respondent.**

No. 08–0068–ag.

United States Court of Appeals, Second Circuit.

Oct. 20, 2008.

Norman Kwai Wing Wong, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Barry J. Pettinato, Assistant Director, Katherine E. Clark, Trial Attorney, United States Department of Justice, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Rong Lin, a native and citizen of China, seeks review of the December 10, 2007 order of the BIA affirming the January 11, 2006 decision of Immigration Judge ("IJ") Sandy K. Hom denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rong Lin,* No. A98 358 174 (B.I.A. Dec. 10, 2007), *aff'g* No. A98 358 174 (Immig. Ct. N.Y. City Jan. 11, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination, *see, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings, including adverse credibility findings, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v.*

*Mukasey,* 519 F.3d 90, 95 (2d Cir.2008). We will, however, vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004). For applications governed by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 164 (2d Cir.2008).

We find that the agency's adverse-credibility determination is supported by substantial evidence, specifically, the overall implausibility of Lin's account, inconsistencies in Lin's testimony, and between his testimony and the documentary evidence in the record. Moreover, the agency specifically found that Lin's demeanor conveyed the "distinct impression" that he was robotically repeating a script rather than testifying from actual experience. *See Majidi v. Gonzales,* 430 F.3d 77, 81 n. 1 (2d Cir.2005). The agency noted in particular the implausibility of Lin's testimony that for some time before he began practicing Falun Gong himself, he actively recruited classmates to do so, thereby drawing the ire of school officials. The IJ's finding that such testimony was implausible was not the result of bald speculation but, rather, was "tethered to record evidence," *i.e.,* the contents of Lin's own testimony and personal statement. *Wensheng Yan v. Mukasey,* 509 F.3d 63, 66–67 (2d Cir.2007); *Ying Li v. BCIS,* 529 F.3d 79,

82–83 (2d Cir.2008) (upholding agency's implausibility finding based, *inter alia,* on petitioner's account of promoting Falun Gong while not having learned or practiced it).

The agency's implausibility and inconsistency determinations find further record support in Lin's testimony that he could not locate Falun Gong organizations in the United States because of the demands of his work schedule, a statement he retracted upon admitting that he only worked part-time. Similarly, although Lin originally testified that Falun Gong is easy to learn, he subsequently testified that he was not knowledgeable about and did not practice three of its five exercises.[1] Although Lin contends that these inconsistencies were too insubstantial, by themselves, to support an adverse-credibility finding, we are not persuaded. In any event, for claims governed by the REAL ID Act, inconsistencies need not go to the "heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d at 164.

Lin's inability to adduce corroborating evidence for his suspect testimony was properly considered as another factor warranting an adverse-credibility determination. *See Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000); *see generally* 8 U.S.C. § 1158(b)(1)(B).

Because the agency acted within its discretion in finding Lin not credible, Lin failed to satisfy the subjective component for a well-founded fear of future persecution. *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183 (2d Cir.2004). Thus, the agency's denial of asylum was proper. In addition, because Lin's claims for withholding of removal and CAT relief had the

---

1. Lin's reliance on *Rizal v. Gonzales,* 442 F.3d 84 (2d Cir.2006), is misplaced because, unlike the petitioner there, *see id.* at 90, Lin placed his knowledge of Falun Gong in question by,

*inter alia,* asserting that it was easy to learn and by claiming that he had recommended it to his classmates.

same factual predicate as his asylum claim, the adverse credibility determination as to his asylum claim necessarily precludes success on his other claims. *See Paul v. Gonzales,* 444 F.3d 148, 156–57 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 523 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).